IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID WAYNE McCOOL, | ) |
|           Plaintiff, | ) |
| v. | ) Case No. CIV-12-868-M |
| CLAUDE CHESTER, et al., | ) |
|           Defendant(s). | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner appearing pro se, has filed this action under 42 U.S.C. § 1983 alleging various violations of his constitutional rights. Chief United States District Judge Vicki Miles-LeGrange has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In accordance with that referral, the undersigned granted Plaintiff's application to proceed *in forma pauperis*. On May 13, 2013, the undersigned entered an order, ECF No. 10, advising Plaintiff that service must be effected on each Defendant within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m). As of the date of that order, 276 days had passed without service on any defendant. Plaintiff was further advised that his failure to timely serve the Defendants could result in the dismissal of this action. Fed. R. Civ. P. 4(m). In that same order, Plaintiff was directed by June 3, 2013, to either file proof of service or show cause why service had not been made. A review of the court file indicates that as of this date, the Plaintiff has neither filed proof of service nor responded to the order directing him to show good cause for his failure to do so.

As of the date of this order, the deadline for showing cause for failure to serve passed over one month ago. This case has now been pending for 327 days, and Plaintiff has not even requested service papers from the Clerk of Court has directed by the Order for Special Report. ECF No. 7.

A plaintiff is required to serve each named defendant with a summons and a copy of the complaint, Fed. R. Civ. P. 4(c)(1), and if such service is not made within 120 days after filing of the complaint, the Court may dismiss the action without prejudice as to the unserved defendants. Fed. R. Civ. P. 4(m). The Court's preliminary inquiry under Rule 4(m) is to determine if Plaintiff has shown good cause for his failure to timely effect service. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). "If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted." *Espinoza*, 52 F.3d at 841.

A review of the Court's docket shows that Plaintiff filed his complaint on August 10, 2012, so the 120 day time limit for service has long since expired. Despite being granted one permissive extension of time to effect service or show good cause for his failure to do so, Plaintiff has still failed to serve any Defendant. In light of Plaintiff's failure to respond to the Court's order of May 13, 2013, Plaintiff has obviously failed to show good cause under Rule 4(m).

The Tenth Circuit Court of Appeals has noted that a permissive extension of time may be warranted "if the applicable statute of limitations would bar the refiled action," or where "policy considerations might weigh in favor of granting a permissive extension of time . . . ." *Espinoza*, 52 F.3d at 842 (quotation and citation omitted). Additionally, as

to pro se litigants, "[t]he district court should also take care to protect pro se plaintiffs from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." *Id.* at 842 n.8 (quotation omitted). At this juncture, the undersigned finds that a permissive extension of time is not warranted. The statute of limitations governing Plaintiff's claim has apparently not expired[1] and there is no indication that it will expire in the imminent future. A two-year statute of limitations governs § 1983 claims arising out of conduct that occurred in Oklahoma. *Meade v. Grubbs*, 841 F.2d 1512, 1524 (10th Cir. 1988). Moreover, if Plaintiff's complaint herein was timely filed, Oklahoma's savings statute will provide Plaintiff with an additional period of time to bring an action against Defendants if Plaintiff's claims against them are dismissed pursuant to Rule 4(m). *See* Okla. Stat. tit. 12, § 100; *see also Grider v. USX Corp.*, 847 P.2d 779, 783 (Okla. 1993) (noting that Okla. Stat. tit. 12, § 100 "applies to extend the limitations period regardless whether the dismissed suit was filed in state court or federal court sitting within the state of Oklahoma."); *Williams v. City of Guthrie*, No. 03-6212, 109 Fed. Appx. 283, 286 (10th Cir. Sept. 8, 2004) (applying Oklahoma savings statute to § 1983 claim filed in federal court). Therefore, the statute of limitations does not counsel against dismissal.

Further, there does not appear to be any policy consideration that may warrant granting Plaintiff a permissive extension of time to serve Defendants. Plaintiff has not even requested the papers necessary to begin the process of serving the Defendants.

---

[1] Plaintiff actually only refers to the incident which forms the basis for his claim as occurring in "the month of November." ECF No. 1:2.

Accordingly, it is recommended that Plaintiff's claims against Defendants be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

## RECOMMENDATION

Therefore, the undersigned recommends that this action be dismissed without prejudice to refiling. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **July 25, 2013**, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72. Plaintiff is further advised that any failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation **disposes of all issues** referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** on July 8, 2013.

_Shon T. Erwin_
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE